Prob 12A(10/09)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA


FILED
JUL 1 6 2014
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

U.S.A. vs. Glenn J. Miller                              Docket No. 1:11MJ275

## Petition on Probation

COMES NOW VAKIDA J. WILSON, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Glenn J. Miller, who was placed on supervision by the Honorable T. Rawles Jones, Jr., United States Magistrate Judge sitting in the Court at Alexandria, Virginia, on the 20th day of June, 2011, who fixed the period of supervision at 5 years, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

See Page 2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a warrant to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

**ORDER OF COURT** (NCIC)

Considered and ordered this __16th__ day of __July__, 2014 and ordered filed and made a part of the records in the above case.

/s/ Thomas Rawles Jones, Jr.
T. Rawles Jones, Jr.
United States Magistrate Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __7-14-14__

Vakida J. Wilson
U.S. Probation Officer
(703) 299-2346
Place Alexandria, Virginia

**TO CLERK'S OFFICE**

**Petition on Probation**
Page 2
RE: Miller, Glenn J.

OFFENSE: Driving While Intoxicated with BAC of 0.08% or More in violation of Title 18, U.S.C., 13 assim. VA Code 18.2-266(i)

SENTENCE: On June 20, 2011, Mr. Miller was sentenced to a 5-year term of supervised probation with the following special conditions:

1. The defendant shall enter and successfully complete an alcohol education program as directed.

2. The defendant shall undergo substance abuse testing and/or treatment as directed.

3. The defendant shall not operate a motor vehicle anywhere in the United States for a period of three (3) years except: a) to and from job interviews; b) to, from and as directly required by the defendant's employment (once the defendant obtains employment); c) to and from the probation office; d) to and from the treatment and/or programs required by probation; e) to and from this Court.

4. The defendant may not operate a motor vehicle unless equipped with an alcohol-detecting ignition interlock system approved by the probation officer for a period of one (1) year.

5. The defendant shall not violate any local, state or federal traffic law.

6. The defendant shall pay the $100.00 fine and $25.00 special assessment within 90 days.

PRIOR VIOLATIONS: On July 2, 2013, a warrant was issued after it was alleged Mr. Miller had violated the conditions of probation as it related to his consumption of alcohol and untruthfulness with this officer in regards to his excessive alcohol use. On July 31, 2013, Mr. Miller appeared before the Court for a violation hearing at which time he was found in violation. Mr. Miller was continued on supervision with the following added special conditions: 1) The defendant shall not operate a motor vehicle except (a) to and from job interviews, (b) to and from employment, (c) as directly required by employment, (d) to and from medical appointments, and (c) to and from court, the probation office, and the programs directed by the probation officer; and 2) The defendant shall not operate a motor vehicle that is not equipped with an approved ignition interlock device.

On September 27, 2013, a warrant was issued after it was alleged Mr. Miller failed to satisfactorily participate in the Rappahannock Area Alcohol Safety Action Program (RAASAP) by failing to attend treatment at Mary Washington Health System-Snowden. Furthermore, on September 3, 2013, and September 5, 2013, the alcohol sensing ignition interlock device recorded an alcohol related violation. Despite being in alcohol treatment, Mr. Miller admitted to the continued use of alcohol. On October 22, 2013, Mr. Miller appeared for a violation hearing, was found in violation and continued on probation with the added condition he serve 6 days in jail. On December 7, 2013, Mr. Miller completed service of his 6-day jail sentence, and re-enrolled in RAASAP on November 25, 2013.

On February 10, 2014, a petition was submitted to the Court alleging Mr. Miller had violated the conditions of supervised probation as he failed to satisfactorily participate in an alcohol treatment program. The Court issued a summons on February 11, 2014. On March 4, 2014, Mr. Miller appeared before the Court for a

Petition on Probation
Page 3
RE: Miller, Glenn J.

violation hearing. On that date, he was found in violation, and the term of probation was continued with the added special conditions that he serve six (6) days in jail as directed, at times that do not interfere with his employment, and the defendant shall complete the VASAP program within six (6) months.

ADJUSTMENT TO SUPERVISION: On April 20, 2014, Mr. Miller completed service of his 6-day jail sentence, and re-enrolled in RAASAP on April 30, 2014. However, since his last appearance before the Court, Mr. Miller has continued to violate the conditions of supervised probation.

VIOLATIONS: The following violations are submitted for the Court's consideration.

**MANDATORY CONDITION:**      **COMMISSION OF A CRIME -FORGERY.**

On July 8, 2014, notification was received that on June 30, 2014, warrants were issued for the arrest of Mr. Miller in Stafford County, Virginia. According to the incident report, on April 7, 2014, a Stafford County Sheriff's Deputy responded to the Marine Federal Credit Union where he met with the Vice President of the Security and Risk Management Department who wanted to report an incident involving check fraud. The Deputy was provided with a picture of the defendant who was identified as Glenn J. Miller, as well as copies of returned check letters. It was determined on March 11, 2014, Mr. Miller deposited a check in the amount of $3,450.77, and on March 14, 2014, the check was returned unpaid as "fictitious/altered". On March 14, 2014, Mr. Miller returned to the bank and withdrew $2,000.00 from his checking account. He was contacted that date regarding the returned check, and Mr. Miller advised he would return to the bank with the necessary funds; however, he failed to return to the bank. On March 24, 2014, Mr. Miller made an eCheck deposit to Stafford County in the amount of $1,800.00. The check was returned on March 26, 2014, as "altered/fictitious". The total loss to the bank was $3,299.89. Warrants were obtained for Forgery-Fraudulent Check Deposits. As of this writing the warrants remain outstanding.

**SPECIAL CONDITION:**      **FAILURE TO SATISFACTORILY PARTICIPATE IN AN ALCOHOL TREATMENT PROGRAM.**

On April 30, 2014, Mr. Miller attended a reinstatement appointment at RAASAP. On July 10, 2014, notification was received that on May 13, 2014, May 21, 2014, June 9, 2014, and June 10, 2014, Mr. Miller failed to attend a substance abuse assessment as instructed by the case manager. Additionally, on May 27, 2014, he failed to have his alcohol sensing ignition interlock device calibrated as instructed. It was further alleged the defendant had continuously failed to provide his case manager with a copy of the prescription for cough syrup that was prescribed in December 2013. Mr. Miller was terminated from the RAASAP treatment program and returned as non-compliant effective June 26, 2014.

**CONDITION 2:**      **FAILURE TO REPORT TO THE PROBATION OFFICER AS DIRECTED.**

On May 8, 2014, June 24, 2014, July 1, 2014, and July 8, 2014, Mr. Miller failed to report for scheduled office appointments.

VJW/smk